AUSTIN AND WIFE *vs.* THE NEW YORK AND ERIE RAIL-
ROAD COMPANY.

1. In an action against a foreign corporation, operating a railroad within
this state by legislative authority, when the action is not founded upon any
special statutory provisions, but is brought to enforce the common law lia-
bility of the defendants, it is not necessary to aver in the declaration upon
what road the injury was sustained.

2. A foreign corporation carrying on business within this state, under leg-
islative sanction, are liable for injuries occasioned by their acts, upon the
same principles and to the same extent, that a company incorporated by the
laws of this state would be.

3. The liability of the New York and Erie Railroad Company to damages
for injuries resulting from carelessness, negligence, or want of proper con-
duct, on their part, does not result from the provisions of the act of March
14th, 1853, which enacts that they shall be liable for damages arising from
their operating certain roads specified in the act.

---

Action for injuries sustained by the plaintiff's wife, while
crossing the track of a railroad in Jersey City.

The declaration avers that the road, at the time of the alleged injury, was in the possession of the defendants; that the cars and engines upon the road were managed by them; and that the injury was occasioned by the negligence and carelessness of their servants and agents. Demurrer to the declaration. The ground of demurrer appears in the opinion of the court.

The case was argued before the CHIEF JUSTICE, and EL-MER, POTTS, and HAINES, Justices; *Scudder*, for defendants, in support of the demurrer; *Nevius*, contra.

The CHIEF JUSTICE delivered the opinion of the court.

The only ground relied upon in support of the demurrer in this cause is, that the declaration should have averred upon what road the injury was sustained, so that it might appear upon the record what franchise the defendants were exercising, to what duties they were subject, and to what privileges they were entitled.

The action is brought for injuries sustained by the wife of the plaintiff, while crossing the track of a railroad running across Greene street, in Jersey City. The declaration avers that the defendants, at the time of the alleged injury, were seized and possessed of the railroad, and were possessed of, and were managing certain cars and engines upon the said road, and that the defendants, by their servants and agents, so negligently managed and governed the said cars and engines that the injury complained of was occasioned. The second count charges the injury to have resulted from the want of proper gates or barriers to prevent persons from crossing the railroad at the time of the passage of the cars and engines; from the want of sufficient watchmen and flagmen at the intersection of the said street and railroad to warn persons of the approach of the train; from the want of proper warning and signals of the approach and passage of the train, and from the want of sufficient skill, care, and management of the

defendants, by their servants, having charge of the said cars and engines.

The complaint is of an injury sustained by the plaintiff resulting from the carelessness, negligence, and want of proper conduct on the part of the defendants, for which they would be liable at common law. The averment is, that the injury was sustained upon a road owned and occupied by the defendants, from cars managed by their servants; and that it was the result of negligence and want of proper care on the part of the defendants and those in their employ. The action does not purport to be founded upon the special provisions of any act of incorporation, nor upon any statute imposing special duties or obligations upon the owners or managers of the railroad upon which the injury is alleged to have been sustained.

Nor does the liability of the defendants to damages result at all from the provisions of the act of the 14th of March, 1853, which enacts, that the defendants shall be liable for damages arising from their running or operating certain roads specified in the act. The defendants are clearly liable upon common law principles, independent of that statute, for injuries inflicted by them, or resulting from their operations within this state. A foreign corporation carrying on business within this state, is liable to be sued here. *Bennington Iron Co.* v. *Rutherford,* 3 *Harr.* 158; *Moulin* v. *Insurance Co.,* 4 *Zab.* 244. They are liable for injuries occasioned by their acts, upon the same principles, and to the same extent, that an individual or company incorporated by the laws of this state would be. The action is not founded upon the statute, nor does it purport to be so. The facts stated in the declaration show a common law liability, independent of the provisions of any charter or the enactments of any statute. The various authorities cited upon the argument to sustain the position, that where an action is founded upon a statute giving a remedy where none existed at the common law, the declaration

must show whence the plaintiff derives his rights, are inapplicable to the case under consideration.

If the provisions of any charter, under which the defendants are operating the road upon which the injury was sustained, furnish matter of defence, they are the subject matter of a plea, or may be shown in evidence upon the trial. There is nothing in the frame of the declaration which can prevent the defendants from availing themselves of every defence to which they are legitimately entitled.

It was suggested, rather than insisted upon, in argument, that the *termini* of the road should have been stated in the declaration, and the precedent in 2 *Chit.* 362, was referred to in support of the position. That is a declaration against common carriers, founded upon their contract to carry the plaintiff safely between certain specified points, and manifestly can have no applicability to the present case

The demurrer should be overruled.

CITED in *Ahern* v. *Nat. Steamship Co.*, 11 *Abb. Pr. N. S.* 359; *Ahern* v. *Nat. Steamship Co.*, 3 *Daly*, 400.